UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SMILEDIRECTCLUB, LLC,

                                    *Plaintiff*,

   - against -

DIAMOND BRACES, an unincorporated entity,
association, or affiliation; DIAMOND BRACES OF
HACKENSACK, LLC; DIAMOND BRACE OF
DOVER, LLC; DIAMOND BRACES OF WARREN,
LLC; DIAMOND BRACES WAYNE, LLC;
ARIANNA PAPASIKOS; OLEG DRUT;
MUHAMMAD ABEY; JOHN CASTRONOVA;
AMEETA SACHDEV; SARA SULLIVAN; LAURA
EDWARDS; JOSE ORTIZ; ANNIA LEGOFF;
JAMES SUH; DOUGLAS M. PALAGANAS; ISAAK
YELIZAR; EVANTHIA PEIKIDIS; JASON BERK;
LEONID EPSHTEYN; SHENJUTI CHOWDHURY;
and JANET PARK;

                                    *Defendants*.

NO.

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

       Plaintiff SmileDirectClub, LLC ("SDC" or "Plaintiff"), by its attorneys Cahill Cossu Noh

& Robinson LLP, as and for its Complaint against defendants (collectively, "Diamond Braces" or

"Defendants"), alleges as follows:

## I.       NATURE OF THE ACTION

       1.       Plaintiff files this action for false advertising, unfair competition, and trade libel

arising under Section 43 of the Trademark Act of 1946 ("Lanham Act"), as amended, 15 U.S.C. §

1051 *et seq*. and defamation and unfair competition under New York common law to stop

Defendants from continuing to publish and distribute a video and descriptions of the video that

state expressly and implicitly that SmileDirectClub's products and services, *inter alia*, are

"dangerous," "questionable," and "improper," and cause the risk of customers' losing their teeth. Such statements are literally false and deceptively misleading. Despite twice providing written notice to cease such unlawful statements and advertising, Defendants false and misleading statements continue unabated. But for intervention of this Court, Defendants will continue to cause damage to SmileDirectClub including but not limited to irreparable harm to its reputation and goodwill.

## II.     PARTIES

2.      Plaintiff SmileDirectClub, LLC, formerly known as SmileCareClub, LLC ("SCC"), is a limited liability company organized and existing under the laws of the State of Tennessee, with its principal place of business located at 414 Union Street, 8th Floor, Nashville, TN 37219.

3.      Upon information and belief, Defendants collectively are entities or individuals who form an unincorporated partnership, affiliation, or association and are listed collectively as orthodontists under a common business name of "Diamond Braces" on the website located at www.diamondbraces.com.  "Diamond Braces" has an address at District at 260 Audubon Avenue, New York, New York 10033 and may be served through its only known officer, Dr. Oleg Drut, Clinical Director.  The diamondbraces.com website does not provide any reference to the corporate structure or interrelationship of the entity and/or individual Defendants other than to list the individual Defendants as orthodontists providing dental service as part of Diamond Braces' "team."  Accordingly, the interrelationships described herein and the theories of liability for each of the Defendants are based solely on publicly available information and the representations made to the public-at-large through the diamondbraces.com website and youtube.com.

4.      Diamond Braces of Hackensack, LLC is a New Jersey limited liability company. The identities of the members of Diamond Braces of Hackensack, LLC are not publicly available. Upon information and belief, Diamond Braces of Hackensack, LLC is a subsidiary, partner,

affiliate, or associate of Defendant Diamond Braces' operating the diamondbraces.com website.
The registered agent for service of process for Diamond Braces of Hackensack, LLC is Dr. Oleg
Drut at 17 Summit Avenue, Hackensack, New Jersey 07601

5.      Diamond Braces of Warren, LLC  is a New Jersey limited liability company.  The
identities of the members of Diamond Braces of Warren, LLC are not publicly available.  Upon
information and belief,  Diamond Braces of Hackensack, LLC is a subsidiary, partner, affiliate, or
associate of Defendant Diamond Braces' operating the diamondbraces.com website.   The
registered agent for service of process for Diamond Braces of Warren, LLC is Dr. Oleg Drut at 94
Mount Bethel Road, Wayne, New Jersey 07059.

6.      Diamond Braces of Dover, LLC is a New Jersey limited liability company.  The
identities of the members of Braces of Dover, LLC are not publicly available.  Upon information
and belief, Braces of Dover, LLC is a subsidiary, partner, affiliate, or associate of Defendant
Diamond Braces' operating the diamondbraces.com website.  The registered agent for service of
process for Diamond Braces of Dover, LLC is Dr. Oleg Drut at 66 East McFarlan Street, Dover,
New Jersey 07801

7.      Diamond Braces Wayne, LLC is a New Jersey limited liability company.  The
identities of the members of Braces Wayne, LLC are not publicly available.  Upon
information and belief, Braces Wayne, LLC is a subsidiary, partner, affiliate, or associate of Defendant
Diamond Braces' operating the diamondbraces.com website.  The registered agent for service of
process for Diamond Braces Wayne, LLC is Dr. Oleg Drut at 401 Hamburg Turnpike, Wayne,
New Jersey 07470.

8.      Upon information and belief, Dr. Arianna Papasikos is an individual who resides
in Montclair, New Jersey.  Upon information and belief, Dr. Papasikos is listed as an orthodontist

on the diamondbraces.com website at http://diamondbraces.com/about-us/ and is a member or partner in the unincorporated Diamond Braces partnership, affiliation, or association. Upon information and belief, as a member or partner in the unincorporated Diamond Braces partnership, affiliation, or association, Dr. Papasikos has the authority, ability, and responsibility to control the communications of Diamond Braces including but not limited to its website.

9. Dr. Oleg Drut is the "Clinical Director" of Diamond Braces. Upon information and belief, Defendant Drut is an individual who resides in Hackensack, New Jersey. The domain name for the diamondbraces.com is registered in his name. Upon information and belief, Dr. Drut is listed as an orthodontist on the diamondbraces.com website at http://diamondbraces.com/about-us/, "Clinical Director" of Defendant Diamond Braces, and is a member or partner in the unincorporated Diamond Braces partnership, affiliation, or association. Upon information and belief, as a member or partner in the unincorporated Diamond Braces partnership, affiliation, or association, Drut has the authority, ability, and responsibility to control the communications of Diamond Braces including but not limited to its website.

10. Upon information and belief, Dr. Muhammad Abey who lives in Wayne, New Jersey. Upon information and belief, Dr. Abey is listed as an orthodontist on the diamondbraces.com website at http://diamondbraces.com/about-us/ and is a member or partner in the unincorporated Diamond Braces partnership, affiliation, or association. Upon information and belief, as a member or partner in the unincorporated Diamond Braces partnership, affiliation, or association, Dr. Abey has the authority, ability, and responsibility to control the communications of Diamond Braces including but not limited to its website.

11. Upon information and belief, Dr. John Castronova who lives in Jersey City, New Jersey. Upon information and belief, Dr. Castronova is listed as an orthodontist on the

diamondbraces.com website at http://diamondbraces.com/about-us/ and is a member or partner in the unincorporated Diamond Braces partnership, affiliation, or association.  Upon information and belief, as a member or partner in the unincorporated Diamond Braces partnership, affiliation, or association, Dr. Castronova has the authority, ability, and responsibility to control the communications of Diamond Braces including but not limited to its website.

12.     Upon information and belief, Dr. Ameeta Sachdev resides in Upper Saddle River, New Jersey.  Upon information and belief, Dr. Sachdev is listed as an orthodontist on the diamondbraces.com website at http://diamondbraces.com/about-us/ and is a member or partner in the unincorporated Diamond Braces partnership, affiliation, or association.  Upon information and belief, as a member or partner in the unincorporated Diamond Braces partnership, affiliation, or association, Dr. Sachdev has the authority, ability, and responsibility to control the communications of Diamond Braces including but not limited to its website.

13.     Upon information and belief, Dr. Sara Sullivan who resides in Clifton, New Jersey. Upon information and belief, Dr. Sullivan is listed as an orthodontist on the diamondbraces.com website at http://diamondbraces.com/about-us/ and is a member or partner in the unincorporated Diamond Braces partnership, affiliation, or association.  Upon information and belief, as a member or partner in the unincorporated Diamond Braces partnership, affiliation, or association, Dr. Sullivan has the authority, ability, and responsibility to control the communications of Diamond Braces including but not limited to its website.

14.     Upon information and belief, Dr. Laura Edwards is an individual who resides in New York, New York.  Upon information and belief, Dr. Edwards is listed as an orthodontist on the diamondbraces.com website at http://diamondbraces.com/about-us/ and is a member or partner in the unincorporated Diamond Braces partnership, affiliation, or association.  Upon information

and belief, as a member or partner in the unincorporated Diamond Braces partnership, affiliation, or association, Dr. Edwards has the authority, ability, and responsibility to control the communications of Diamond Braces including but not limited to its website.

15.     Upon information and belief, Dr. Jose Ortiz is an individual who resides in Bronx, New York.   Upon information and belief, Dr. Ortiz is listed as an orthodontist on the diamondbraces.com website at http://diamondbraces.com/about-us/ and is a member or partner in the unincorporated Diamond Braces partnership, affiliation, or association.  Upon information and belief, as a member or partner in the unincorporated Diamond Braces partnership, affiliation, or association, Dr. Ortiz has the authority, ability, and responsibility to control the communications of Diamond Braces including but not limited to its website.

16.     Upon information and belief, Dr. Annia Legoff is an individual who resides in Clifton, New Jersey.  Upon information and belief, Dr. Legoff is listed as an orthodontist on the diamondbraces.com website at http://diamondbraces.com/about-us/ and is a member or partner in the unincorporated Diamond Braces partnership, affiliation, or association.  Upon information and belief, as a member or partner in the unincorporated Diamond Braces partnership, affiliation, or association, Dr. Legoff has the authority, ability, and responsibility to control the communications of Diamond Braces including but not limited to its website.

17.     Upon information and belief, Dr. James Suh is an individual who resides in Old Bridge, New Jersey.  Upon information and belief, Dr. Suh is listed as an orthodontist on the diamondbraces.com website at http://diamondbraces.com/about-us/ and is a member or partner in the unincorporated Diamond Braces partnership, affiliation, or association.  Upon information and belief, as a member or partner in the unincorporated Diamond Braces partnership, affiliation, or

association, Dr. Suh has the authority, ability, and responsibility to control the communications of Diamond Braces including but not limited to its website.

18.     Upon information and belief, Dr. Douglas M. Palaganas is an individual who resides in Rockville Centre, New York.  Upon information and belief, Dr. Palaganas is listed as an orthodontist on the diamondbraces.com website at http://diamondbraces.com/about-us/ and is a member or partner in the unincorporated Diamond Braces partnership, affiliation, or association. Upon information and belief, as a member or partner in the unincorporated Diamond Braces partnership, affiliation, or association, Dr. Palaganas has the authority, ability, and responsibility to control the communications of Diamond Braces including but not limited to its website.

19.     Upon information and belief, Dr. Isaak Yelizar is an individual who resides in Forest Hills, New York.  Upon information and belief, Dr. Yelizar is listed as an orthodontist on the diamondbraces.com website at http://diamondbraces.com/about-us/ and is a member or partner in the unincorporated Diamond Braces partnership, affiliation, or association.  Upon information and belief, as a member or partner in the unincorporated Diamond Braces partnership, affiliation, or association, Dr. Yelizar has the authority, ability, and responsibility to control the communications of Diamond Braces including but not limited to its website.

20.     Upon information and belief, Dr. Evanthia Peikidis is an individual who resides in East Meadow, New York.  Upon information and belief, Dr. Peikidis is listed as an orthodontist on the diamondbraces.com website at http://diamondbraces.com/about-us/ and is a member or partner in the unincorporated Diamond Braces partnership, affiliation, or association.  Upon information and belief, as a member or partner in the unincorporated Diamond Braces partnership, affiliation, or association, Dr. Peikidis has the authority, ability, and responsibility to control the communications of Diamond Braces including but not limited to its website.

21.     Upon information and belief, Dr. Jason Berk is an individual who resides in Jersey City, New Jersey.  Upon information and belief, Dr. Berk is listed as an orthodontist on the diamondbraces.com website at http://diamondbraces.com/about-us/ and is a member or partner in the unincorporated Diamond Braces partnership, affiliation, or association.  Upon information and belief, as a member or partner in the unincorporated Diamond Braces partnership, affiliation, or association, Dr. Berk has the authority, ability, and responsibility to control the communications of Diamond Braces including but not limited to its website.

22.     Upon information and belief, Dr. Leonid Epshteyn is an individual who resides in Staten Island, New York.  Upon information and belief, Dr. Epshteyn is listed as an orthodontist on the diamondbraces.com website at http://diamondbraces.com/about-us/ and is a member or partner in the unincorporated Diamond Braces partnership, affiliation, or association.  Upon information and belief, as a member or partner in the unincorporated Diamond Braces partnership, affiliation, or association, Dr. Epshteyn has the authority, ability, and responsibility to control the communications of Diamond Braces including but not limited to its website.

23.     Upon information and belief, Dr. Shenjuti Chowdhury is an individual resides in Woodside, New York.  Upon information and belief, Dr. Chowdhury is listed as an orthodontist on the diamondbraces.com website at http://diamondbraces.com/about-us/ and is a member or partner in the unincorporated Diamond Braces partnership, affiliation, or association.  Upon information and belief, as a member or partner in the unincorporated Diamond Braces partnership, affiliation, or association, Dr. Chowdhury has the authority, ability, and responsibility to control the communications of Diamond Braces including but not limited to its website.

24.     Upon information and belief, Dr. Janet Park is an individual who resides in Hackensack, New Jersey.  Upon information and belief, Dr. Park is listed as an orthodontist on the

diamondbraces.com website at http://diamondbraces.com/about-us/ and is a member or partner in the unincorporated Diamond Braces partnership, affiliation, or association.  Upon information and belief, as a member or partner in the unincorporated Diamond Braces partnership, affiliation, or association, Dr. Park has the authority, ability, and responsibility to control the communications of Diamond Braces including but not limited to its website.

### III.      JURISDICTION AND VENUE

25.     This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. § 1338 in that this case arises under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

26.     This Court has subject matter jurisdiction over the unfair competition claims herein under the provisions of 28 U.S.C. § 1338(b) in that said claims are joined with a substantial and related claim under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

27.     This Court has supplemental jurisdiction over the claims that arise under New York law pursuant to 28 U.S.C. § 1367(a) because they are substantially related to the claims that arise under the Lanham Act of the United States.  Furthermore, this Court has supplemental jurisdiction because both the state and federal claims are derived from a common nucleus of operative facts, including the same false statements that constitute unfair competition, false advertising, and trade libel, and considerations of judicial economy dictate the state and federal issues be consolidated for a single trial.

28.     Upon information and belief, this Court has general personal jurisdiction over Defendants based on their continuous and systematic minimum contacts with residents of New York and, in particular, at a regular and established place of business within the District at 260 Audubon Avenue, New York, New York 10033.  Evidence of this location is available on Defendants' website at the link http://diamondbraces.com/office-locations/audubon-ave-new-york-ny/.

29.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to these claims arose in this District; Defendants have a regular and established place of business in this District; and, upon information and belief, Defendants are subject to personal jurisdiction in this District.

## IV.     BACKGROUND AND FACTUAL ALLEGATIONS

### A.     SmileDirectClub Is A Pioneering Direct-To-Consumer Provider of Dental Aligners.

30.     SmileDirectClub (formerly known as SmileCareClub) offers licensed dentists and dental practices access to its web-based teledentistry platform and a comprehensive package of related non-clinical business and administrative services that permit those dentists to offer a more affordable option for orthodontic treatment of minor to mild cases of malocclusion with "invisible" corrective aligners.

31.     "Malocclusion" is a misalignment or incorrect relation between the teeth and the two dental arches when they approach each other as the jaws close.  More simply, "malocclusion" refers to having a poor bite or crooked teeth.

32.     At the core of SmileDirectClub's business model is its innovative web-based teledentistry platform, which is designed around the SmileCheck® system. The SmileCheck® system is a proprietary system that connects patients with their treating dentist through a web-based portal. Through the SmileCheck® stem, a dentist is able to view images and dental impressions of his or her patients, review and develop treatment plans, prescribe treatment, track the performance of the case through retention, and document communications with patients. Likewise, a patient can access the SmileCheck® system to upload images, view their recommended treatment plan and keep apprised of developments in their treatment.

33.     Dentists who choose to engage the services of SmileDirectClub are licensed and qualified to practice dentistry in the state in which they treat patients.

**B.**     **Defendants Are Orthodontists Threatened By SmileDirectClub's Entry Into The Market.**

34.     SmileDirectClub's process has gained wide attention and has proven to be a disruptive force in the market for treating mild to moderate malocclusion.

35.     SmileDirectClub provides a competitive threat to traditional dental providers who treat mild to moderate malocclusion by providing the same or similar results at a much lower cost in money and more conveniently using teledenistry check-ins and customer care.

36.     In response to this competitive threat, Defendants have published a video entitled "Smile Care Club [*sic*] Revew.  Patients Beware!" (the "Offending Video").  The Offending Video is available both as a link on Defendants' website  (http://diamondbraces.com/smile-direct-club-review/)     and     separately     on     YouTube.com     at     the     following     link https://www.youtube.com/watch?v=67Eb1jMvONo&feature=youtu.be.

37.     SmileDirectClub only recently learned of the existence of the Offending Video as the view count and visibility has grown on You Tube.

38.     In the description below the Offending Video on YouTube (available at https://www.youtube.com/watch?v=67Eb1jMvONo&feature=youtu.be),  Defendants,  through Defendant Papasikos and beneath the Diamond Braces name and logo, assert that SmileDirectClub's products and services are "something questionable and dangerous" and "some dangerous, questionable, and costly treatment modalities," and suggests that if a customer uses SmileDirectClub's products and services, the customer could lose her or his teeth.

39.     A screen-capture of the description below the Offending Video on YouTube is shown below:



Available in full at https://www.youtube.com/watch?v=67Eb1jMvONo&feature=youtu.be.

40.     Although the description of the video on the diamondbraces.com website is different from the description on YouTube, the description below the Offending Video on the diamondbraces.com website (http://diamondbraces.com/smile-direct-club-review/) likewise refers to SmileDirectClub's products and services as "dangerous" ("The above questions should be asked before you take on the journey with Smile Direct Club…It is a dangerous journey.") and expressly suggests that customers could lose their teeth by using SmileDirectClub: "…we don't recommend risking your teeth by using the Smile Direct Club."

41.    The Offending Video is approximately six minutes and twenty-one seconds long. For the entire duration of the video, Defendant Diamond Braces' blue square logo appears in the upper left corner as captured below:



http://diamondbraces.com/smile-direct-club-review/.

42.    During the Offending Video, Defendant Papasikos, on behalf of Defendants and upon information and belief, with their knowledge, makes the following false and/or deceptively misleading statements:

- SmileDirectClub is offering "do it yourself orthodontics."

- Through SmileDirectClub's process, "There is no patient to doctor interaction."

- SmileDirectClub does not undertake a proper initial inspection prior to the treatment plan.

- The only manner of obtaining proper treatment for mild or moderate malocclusion is to go to an orthodontist in person (despite the fact that

13

Defendants themselves advertise "Free Virtual Consultation!" on the diamondbraces.com website).

- SmileDirectClub's treatment plans are not done properly or with guidance of a dental professional.

- Customers will be disappointed with the outcome of SmileDirectClub's aligner process.

- Customers will not receive a uniquely fitted retainer from SmileDirectClub because it only offers "one-size-fits-all" retainers.

- Customers will not have a long-term successful outcome with SmileDirectClub's process.

- Customers are not spending their money well on SmileDirectClub because such money is better spent on Defendants.

43. According to YouTube, the Offending Video has over 20,000 views.

44. All of the aforementioned statements are false or misleading and made with the intent to disparage SmileDirectClub and discourage potential and actual SmileDirectClub customers from using SmileDirectClub's products and services.

45. Upon information and belief, SmileDirectClub has been harmed and will continue to be harmed until such time as Defendants' false and misleading statements cease.

46. On October 17, 2017, SmileDirectClub, through counsel, sent a letter via email, facsimile, and hand-delivery to Defendants in which SmileDirectClub demanded that Defendants take down the Offending Video and descriptions.

47. Defendants did not respond to the October 17th Letter.

48.     On October 18, 2017, SmileDirectClub, through counsel, sent a letter via email and facsimile to Defendants in which SmileDirectClub again demanded that Defendants take down the Offending Video and descriptions and notified Defendants that SmileDirectClub intended to file this Complaint.  The October 18th letter was hand-delivered on the morning of October 19, 2017.

49.     As of the date and time of this filing, Defendants have not responded in any way whatsoever to SmileDirectClub's October 17th and October 18th letters.

50.     As of the date and time of this filing, the Offending Video and descriptions remain available on Defendants diamondbraces.com website and the youtube.com website.

## V.    CAUSES OF ACTION

### COUNT 1

**FEDERAL UNFAIR COMPETITION AND
FALSE ADVERTISING UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)**

51.     SmileDirectClub restates and incorporates by reference the allegations contained in paragraphs above as if set forth fully herein.

52.     Defendants' explicit and implicit advertising and promotional statements in and associated with the Offending Video and its descriptions including, but not limited to, the statements contained in Section IV(B) *supra*, are literally and/or impliedly false and deceptively misleading.

53.     Defendants' explicit and implicit advertising and promotional statements in and associated with the Offending Video and its descriptions were made and intended to be made in interstate commerce as evidenced by, at least, Defendants' advertising and promotion on the diamondbraces.com website of Defendants' regular established business locations in New York, New Jersey, and Connecticut.

15

54.     Defendants' explicit and implicit advertising and promotional statements in and associated with the Offending Video and its descriptions were made and continue to be made in connection with the sale of and offers for sale of products and services and as such, constitute "uses in commerce" as defined in 15 U.S.C. § 1127.

55.     As alleged herein, Defendants intentionally made the false and misleading statements in commercial advertising or promotion in interstate commerce which misrepresent the nature, characteristics, or qualities of SmileDirectClub's products and services, including, but not limited to, the statements contained in Section IV(B) *supra*.

56.     Defendants' false and/or misleading statements regarding the SmileDirectClub's products and services are material in that the statements will likely influence existing and potential customers of (a) SmileDirectClub's products and services and (b) Defendants' products and services.

57.     Customers of Defendants' products and services (and the public generally) are likely to believe the statements made by Defendants (directly or through its agents or representatives including but not limited to Defendant Papasikos) that SmileDirectClub's products and services have the nature, characteristics, and qualities claimed for them by Defendants.

58.     Upon information and belief, Defendants' false and/or misleading statements regarding SmileDirectClub's products and services have actually deceived or have the capacity to tend to deceive a substantial portion of the intended audience for such statements.

59.     As a result of Defendants' false and/or misleading statements, SmileDirectClub has suffered and will continue to suffer damage to its business, reputation, and goodwill.

60.     Among other injuries, Defendants' false and/or misleading statements have caused SmileDirectClub injury and/or are likely to cause SmileDirectClub injury, either by direct

16

diversion of sales from SmileDirectClub to Defendants or by a lessening of the goodwill associated with SmileDirectClub's products and services.

61.     SmileDirectClub has been injured by Defendants' actions and representations because customers who would otherwise have purchased from SmileDirectClub have made, or will make, purchasing decisions based upon Defendants' false and misleading representations concerning SmileDirectClub's products and services.

62.     By these actions, Defendants have engaged and continue to engage in false advertising and unfair competition in violation of the statutory law of the United States, 15 U.S.C. § 1125 *et seq.*

63.     Defendants willfully, knowingly, intentionally, maliciously, or recklessly are using in commerce false and/or misleading descriptions of fact or misleading representations of fact concerning the nature, characteristics, and qualities of SmileDirectClub's products and services.

64.     Unless enjoined by this Court and the Offending Video removed form publication, Defendants' acts will irreparably injure SmileDirectClub's goodwill and erode its sales, customer base, and share in the market for its products and services.

65.     Defendants' acts also have caused SmileDirectClub monetary damages, and SmileDirectClub seeks judgment pursuant to 15 U.S.C. § 1117 for Defendants' profits, and any damages sustained by SmileDirectClub;

66.     Pursuant to 15 U.S.C. § 1116, SmileDirectClub is entitled to a temporary restraining order and preliminary and permanent injunctive relief against Defendants to stop the illegal conduct.

67.     Pursuant to 15 U.S.C. § 1117, SmileDirectClub seeks judgment for three times the amount of Defendants' profits or SmileDirectClub's damages, whichever is greater, due to the nature of Defendants' conduct.

68.     Defendants' acts are willful, wanton, and calculated to deceive, and are undertaken in bad faith, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorney fees pursuant to 15 U.S.C. § 1117.

69.     Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to impoundment and destruction of advertising and any other material bearing false, deceptive, and/or misleading statements and/or any variants thereof including, but not limited to, all copies of the Offending Video and associated descriptions.

## COUNT 2

## DEFAMATION UNDER NEW YORK LAW

70.     SmileDirectClub restates and incorporates by reference the allegations contained in paragraphs above as if set forth fully herein.

71.     Defendants have made, and continue to make, at least the false statements set forth in Section IV(B) above regarding SmileDirectClub's products and services, which are identified by name.

72.     Defendants have published the aforementioned statements via the Offending Video and associated descriptions on the diamondbraces.com and youtube.com websites, which are available in this District and throughout the world.

73.     Upon information and belief, Defendants have made the same statements in person verbally to potential and/or actual SmileDirectClub customers.

74.     SmileDirectClub has not authorized Defendants to make the aforementioned false statements.

75.     Defendants are not shielded by any privilege to escape liability (and accountability) for the aforementioned false statements.

76.     Defendants' aforementioned statements constitute defamation per se or have caused special damages.

77.     SmileDirectClub have suffered both irreparable harm and monetary damages (including but not limited to incidental and consequential damages) as a direct and proximate result of Defendants' false statements.

78.     Defendants' aforementioned statements were made intentionally, wantonly, maliciously, and intentional such that punitive damages are appropriate in this case.

79.     Each of the Defendants has adopted, ratified, and supported the false statements by virtue of not taking Offending Video and associated descriptions down and benefiting, directly or indirectly, from the Offending Video and associated descriptions that deprived and/or influenced potential and/or actual customers of SmileDirectClub and/or Defendants.

## COUNT 3

## UNFAIR COMPETITION UNDER NEW YORK LAW

80.     SmileDirectClub restates and incorporates by reference the allegations contained in paragraphs above as if set forth fully herein.

81.     Defendants have made, at least, the false and/or deceptively misleading statements set forth in Section IV(B) above regarding SmileDirectClub's products and services.

82.     The aforementioned statements were made and/or directed to potential and actual customers in New York and other states.

83.     Defendants have published the aforementioned statements via the Offending Video and associated descriptions on the diamondbraces.com and youtube.com websites, which are available in this District and throughout the world.

19

84.     Upon information and belief, Defendants have made the same statements in person in New York verbally to potential SmileDirectClub customers and/or actual SmileDirectClub customers.

85.     Defendants' explicit and implicit advertising and promotional statements in and associated with the Offending Video and its descriptions were made in bad faith and with the wrongful intent to profit from the false and/or deceptive nature of the statements.

86.     Defendants' explicit and implicit advertising and promotional statements in and associated with the Offending Video and its descriptions were made and continue to be made in connection with the sale of and offers for sale of products and services in New York.

87.     Defendants' false and/or misleading statements regarding the SmileDirectClub's products and services are material in that the statements will likely influence existing and potential customers of (a) SmileDirectClub's products and services and (b) Defendants' products and services.

88.     Customers of Defendants' products and services (and the public generally) are likely to believe the statements made by Defendants (directly or through its agents or representatives including but not limited to Defendant Papasikos) that SmileDirectClub's products and services have the nature, characteristics, and qualities claimed for them by Defendants.

89.     Upon information and belief, Defendants' false and/or misleading statements regarding SmileDirectClub's products and services have actually deceived or have the capacity to tend to deceive a substantial portion of the intended audience for such statements.

90.     As a result of Defendants' false and/or misleading statements, SmileDirectClub has suffered and will continue to suffer damage to its business, reputation, and goodwill.

20

91.     Among other injuries, Defendants' false and/or misleading statements have caused SmileDirectClub injury and/or are likely to cause SmileDirectClub injury, either by direct diversion of sales from SmileDirectClub to Defendants or by a lessening of the goodwill associated with SmileDirectClub's products and services.

92.     SmileDirectClub has been injured by Defendants' actions and representations because customers who would otherwise have purchased from SmileDirectClub have made, or will make, purchasing decisions based upon Defendants' false and misleading representations concerning SmileDirectClub's products and services.

93.     By these actions, Defendants have engaged and continue to engage in unfair competition in violation of New York law.

94.     Defendants willfully, knowingly, intentionally, maliciously, or recklessly are using in commerce in New York the false and/or misleading descriptions of fact or misleading representations of fact concerning the nature, characteristics, and qualities of SmileDirectClub's products and services.

95.     Unless enjoined by this Court and the Offending Video removed form publication, Defendants' acts will irreparably injure SmileDirectClub's goodwill and erode its sales, customer base, and share in the market for its products and services.

96.     Defendants' acts also have caused SmileDirectClub monetary damages, and SmileDirectClub seeks judgment for Defendants' profits, and any damages sustained by SmileDirectClub.

97.     SmileDirectClub is entitled to preliminary and permanent injunctive relief against Defendants to stop the illegal conduct.

98.     Defendants' acts are willful, wanton, and calculated to deceive, and are undertaken in bad faith potentially entitling Plaintiff to recover punitive damages in the maximum amount permitted by law and reasonable attorney fees.

99.     SmileDirectClub is entitled to impoundment and destruction of advertising and any other material bearing false, deceptive, and/or misleading statements and/or any variants thereof including, but not limited to, all copies of the Offending Video and associated descriptions.

100.    Each of the Defendants has adopted, ratified, and supported the false statements by virtue of not taking Offending Video and associated descriptions down and benefiting, directly or indirectly, from the Offending Video and associated descriptions that deprived and/or influenced potential and/or actual customers of SmileDirectClub and/or Defendants.

## COUNT 4

## TRADE LIBEL/PRODUCT DISPARAGEMENT UNDER NEW YORK LAW

101.    SmileDirectClub restates and incorporates by reference the allegations contained in paragraphs above as if set forth fully herein.

102.    Defendants have made at least the false statements set forth in Section IV(B) above regarding SmileDirectClub's products and services.

103.    Defendants have published the aforementioned statements via the Offending Video and associated descriptions on the diamondbraces.com and youtube.com websites, which are available in this District and throughout the world.

104.    Upon information and belief, Defendants have made the same statements in person verbally to potential and/or actual SmileDirectClub customers.

105.    The false statements made by Defendants disparage or negatively reflect upon the condition, value or quality of SmileDirectClub's products and services.

106.    Defendants' aforementioned statements were made intentionally, wantonly, and intentional such that malice, both explicitly and implicitly, has been established.

107.    By these actions, Defendants have engaged and continue to engage in trade libel and product disparagement in violation of New York law.

108.    Defendants' aforementioned statements have caused special damages, including, but not limited to, the loss of the 20,000+ potential customers who have viewed the Offending Video.

## VI.    **PRAYER FOR RELIEF**

SmileDirectClub respectfully requests the Court grant the following relief:

A.    The Court enter a judgment in favor of SmileDirectClub and against Defendants jointly and severally as to all causes of action alleged herein;

B.    That this Court issue preliminary and permanent injunctions pursuant to 15 U.S.C. § 1116, New York law, and equity, enjoining and restraining Defendants, and their affiliates, agents, partners, servants, and employees, or anyone acting with their authority or on their behalf, from directly or indirectly displaying, publishing, and/or distributing the Offending Video and its descriptions;

C.    That this Court issue preliminary and permanent injunctions pursuant to 15 U.S.C. § 1116, New York law, and equity, enjoining and restraining Defendants, and their affiliates, agents, partners, servants, and employees, or anyone acting with its authority or on its behalf, from directly or indirectly making any of the false and/or misleading statements described in Section IV(B) or any variants thereof;

D.    That, within five (5) days of issuance of preliminary and/or permanent injunctions, the Court order Defendants to file sworn statements under oath and subject to penalty of perjury that they have fully complied with the terms of the injunctions;

E.      That this Court, pursuant to 15 U.S.C. § 1118 and equity, order that all pictures, websites and advertisements in the possession or under the control of Defendant bearing or containing the Offending Video and/or its descriptions, or any of the false and/or misleading statements, shall be delivered to SmileDirectClub and destroyed;

F.      That SmileDirectClub be awarded its reasonable attorney fees due to the exceptional nature of this case and Defendants' intentional, wanton, malicious and willful illegal conduct;

G.      That Defendants be liable jointly and severally for any award of monetary damages (including without limitation Defendants' wrongful profits and SmileDirectClub's actual, incidental, and consequential damages), treble damages, punitive damages, costs, and/or attorney fees (including but not limited to actual fees and expenses) in a collective amount of no less than $56,623,875;

H.      That pre-judgment and post-judgment interest be awarded to Plaintiff; and

I.      That this Court grant such other and further relief as it shall deem just.

## DEMAND FOR JURY TRIAL

Trial by jury is hereby demanded for all issues so triable.


Dated:  October 23, 2017


                                        Respectfully submitted,

                                        /s/ John R. Cahill
                                        John R. Cahill
                                        Christopher J. Robinson
                                        Ronald W. Adelman
                                        CAHILL COSSU NOH & ROBINSON  LLP
                                        70 West 40th Street, 15th Floor
                                        New York, New York 10018
                                        Telephone: 212.719.4400
                                        Facsimile: 212.719.4440
                                        jcahill@cahilllawfirm.com


                                        Of Counsel:

                                        Samuel F. Miller (BPR No. 022936 -
                                        Motion for Pro Hac Vice Admission
                                        Forthcoming)
                                        BAKER, DONELSON, BEARMAN,
                                        CALDWELL & BERKOWITZ, P.C.
                                        211 Commerce Street, Suite 800
                                        Nashville, Tennessee 37201
                                        Telephone: (615) 726-5594
                                        Facsimile: (615) 744-5594
                                        Email: smiller@bakerdonelson.com

                                        *Attorneys for Plaintiff SmileDirectClub,*
                                        *LLC*